UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES DRIGGERS, Administrator** : | Case No. _____ |
| **Of the Estate of MICHAEL DRIGGERS** : | |
| **5030 Old Hunt Road** : | |
| **Guilford, Indiana 47022** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **LIBERTY LIFE ASSURANCE COMPANY** : | **COMPLAINT** |
| **OF BOSTON** : | |
| **P.O. Box 7213** : | |
| **London, Kentucky 40742** : | |
| : | |
| **Defendant** : | |
| : | |
| SERVE: **CSC-LAWYERS INCORPORATING** : | |
| **SERVICE COMPANY** : | |
| **421 West Main Street** : | |
| **Frankfort, Kentucky 40601** : | |

The Plaintiff, James Driggers, Administrator of the Estate of Michael Driggers ("Administrator"), by and through counsel, and for his Complaint, states as follows:

### NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 USC §§ 1001, *et sequitur*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 29 USC § 1132(e)(1) and 28 USC § 1331.

3. Venue is proper in this district pursuant to 29 USC § 1132(e)(2).

4. At all times relevant herein, Deceased, Michael Driggers ("Driggers"), resided at 2770 Kimberly Drive, Maineville, Ohio 45039.

5. Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), is a corporation organized under the laws of the State of New Hampshire. The Defendant is registered to do, and regularly does, business in the State of Ohio.

## STATEMENT OF FACTS

6. Driggers was employed by Hillenbrand, Inc. ("Hillenbrand"). As a benefit of his employment with Hillenbrand, Driggers participated in an accidental death insurance program ("Plan") offered by Liberty Life. The Plan, No. SA3-880-036457-01, was issued on January 1, 2013, and remained in effect at all times relevant hereto.

7. On June 13, 2016, Driggers was in the process of renovating his home. Before installing a light fixture in the kitchen, Driggers turned off electricity to the first floor of his home. Later that night, Driggers heard a crash in the kitchen and investigated. While walking in the dark, Driggers stepped on an arrow-shaped piece of glass that lacerated the artery in his right ankle. Driggers died minutes after as a result of his injury.

8. The Administrator provided notice of the claim to Liberty Life along with proof of death in accordance with the terms of the Plan.

9. On December 29, 2016, Liberty Life denied benefits under the Plan.

10. In accordance with the provisions of the Plan, the Administrator filed an appeal with Liberty Life's internal appeals unit. Said appeal was denied on April 24, 2017.

## COUNT ONE – ERISA CLAIM

### (Accidental Death Benefits)

11. The Administrator realleges and incorporates by reference Paragraphs 1 through 10, as if fully set forth herein.

12. The aforementioned plan is governed by the Employee Retirement Income Security Act, 29 USC § 1101, *et seq.*

13. This is an action to recover benefits due under the terms of the plan, pursuant to 29 USC § 1132(a)(1)(B).

14. On June 13, 2016, Mr. Driggers died as a result of an accidental injury sustained while covered under the Plan. Therefore, his estate is entitled to receive accidental death benefits due under the Plan.

## COUNT TWO – BREACH OF FIDUCIARY DUTY

15. The Administrator realleges and incorporates by reference Paragraphs 1 through 14 as if fully set forth herein.

16. Liberty Life served in the capacity of plan administrator with respect to the plan, No. SA3-880-036457-01, which was issued on January 1, 2013, and was in effect at all times relevant hereto.

17. Liberty Life, in its capacity as plan administrator, breached its fiduciary duty to the Administrator and Liberty Life failed to discharge its duties with respect to the Plan solely in the interest of the Administrator as a beneficiary of the Plan and in accordance with the documents and instruments governing the Plan.

18. The Administrator submitted sufficient medical evidence to Liberty Life to justify his claim for accidental death benefits under the terms of the Plan. However, Liberty Life, having an inherent conflict of interest as plan administrator and benefit provider, unjustly denied the Administrator the benefits due to him for accidental death according to the terms of the Plan.

**WHEREFORE**, the Plaintiff demands as follows:

A. For the Court to enter a judgment awarding him accidental death benefits according to the terms of the plan;
B. For other compensatory damages as may be appropriate;
C. For an award of attorney's fees pursuant to 29 USC § 1132(g)(1);
D. For post-judgment interest at the legal rate;
E. For his costs in pursuing this action;
F. For trial by jury; and
G. For any and all other relief to which the Plaintiff may appear to be entitled.

Respectfully submitted,

_____
STACEY L. GRAUS, ESQ. (#0058661)
ADAMS, STEPNER,
WOLTERMANN & DUSING, P.L.L.C.
40 West Pike Street
Covington, KY 41011
Telephone: (859) 394-6200
Direct Fax: (859) 392-7253
**Trial Attorney for Plaintiff,
James Driggers, Administrator
of the Estate of Michael Driggers**

4